UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PEOPLE FOR THE ETHICAL TREATMENT )
OF ANIMALS, INC., ET AL., )
 )
          Plaintiffs, )
 )
v. )
 )  Civ No. 1:18-cv-00887-CRC
 )
SONNY PERDUE, Secretary, )
UNITED STATES DEPARTMENT OF )
AGRICULTURE, ET AL., )
 )
          Defendants. )

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY FURTHER PROCEEDINGS**

**Introduction**

Plaintiffs oppose Defendants' motion to stay further proceedings in this case pending the Court of Appeals' resolution of Plaintiffs' mootness appeal in *People for the Ethical Treatment of Animals et al. v. United States Department of Agriculture,* No. 18-5074 (D.C. Cir.). As explained more fully below, the only issues raised by Plaintiffs in that appeal concern this Court's January 18, 2018 Order dismissing certain of Plaintiffs' claims as moot. *See* Appellants' Opening Brief, Defendants' Exhibit ("Def. Ex.") A. Should Plaintiffs prevail in that appeal, this will simply mean that this Court will have to revisit the claims it dismissed with prejudice as moot. However, in light of the fact that the information at issue in this case was removed from Defendants' electronic Reading Room almost two years ago—on February 3, 2017—there is no reason for this Court to further delay resolution of the other distinct issues presently before it in

the present case, including both the claims that the Court previously dismissed *without* prejudice, as well as certain new claims asserted by Plaintiffs.

Moreover, in furtherance of the government's overall strategy of delaying resolution of these issues as long as possible, Defendants inexplicably failed to file either an Answer or a motion to dismiss Plaintiffs' Supplemental Complaint by December 5, 2018, as required by this Court's November 6, 2018 Minute Order. Rather, without requesting leave to be excused from that requirement, Defendants instead filed their motion to stay—apparently believing that simply filing such a motion automatically stays all further proceedings. However, by failing to abide by this Court's directive, Defendants have now waived their ability to file a motion to dismiss this case, and the Court should accordingly set a briefing schedule for cross-motions for summary judgment on all of the issues raised by Plaintiffs' Supplemental Complaint.

## BACKGROUND

On February 13, 2017, Plaintiffs filed a lawsuit challenging the February 3, 2017 wholesale removal by the United States Department of Agriculture ("USDA") of information from its Electronic Reading Room that the agency had previously routinely disclosed to the public, including inspection reports, research facility annual reports, and certain enforcement records, that Plaintiffs and others had relied on for years to monitor whether, how, and to what extent, the USDA was enforcing the Animal Welfare Act—a statute enacted "to insure that animals intended for use in research facilities or for exhibition purposes or for use as pets are provided humane care and treatment," 7 U.S.C. § 2131(1). *See People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.,* Civ. No. 17-269 ("*PETA* I"), ECF No. 1. Plaintiffs alleged that in removing such records from its Electronic Reading Room, the USDA was violating the affirmative disclosure requirements of the Freedom of Information Act ("FOIA"), which require

that all federal agencies "shall make available for public inspection in an electronic format" certain records, including (1) "final opinions . . . as well as orders, made in the adjudication of cases," and (2) all records which have been released to any person under the Act and which, "because of the nature of the subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records." 5 U.S.C. § 552(a)(2). Plaintiffs sought an order declaring that the USDA's removal of the records from its Electronic Reading Room violated the affirmative disclosure requirements of FOIA, and directing Defendants to make all such records available to Plaintiffs by electronic means now and in the future. *PETA* I, Complaint at 14-15.

After the government moved to dismiss that Complaint on various grounds, including that the case was not yet ripe for review, on January 18, 2018 this Court dismissed the case. *PETA* I, 285 F. Supp. 3d 307 (D.D.C. 2018). The Court held that as to records that by that date had been reposted by the USDA—i.e., annual reports, inspection reports, and the list of entities regulated under the AWA—the case was moot. *Id.* at 312-13. As to the other categories of records at issue—i.e., animal inventories (which are part of the inspection reports) and certain regulatory enforcement records—the Court held that Plaintiffs had failed to sufficiently allege in their Complaint that such records fell within the ambit of those that must be affirmatively disclosed under FOIA, and hence the Court dismissed those claims for failure to state a claim on which relief could be granted. *Id.* at 314-15.

The claims dismissed as moot were dismissed *with prejudice*; the claims dismissed for failure to state a claim were dismissed *without prejudice*. *See* Order, ECF No. 44. Moreover, although the Court noted in its opinion that Plaintiffs were now free to "raise challenges" to the agency's failure to disclose information that had been redacted from the re-posted records—i.e.

those for which Plaintiffs' claims were dismissed as moot—*see* 285 F. Supp. 3d at 313 n.3, it nevertheless dismissed Plaintiffs' entire case, stating that "[t]his is a final appealable order." Order, ECF No. 44.

Therefore, to preserve their ability to challenge the Court's mootness ruling, on March 16, 2018 Plaintiffs filed a timely appeal of that part of the Court's decision. The only issues pending in that appeal are (1) whether the Court erred in dismissing Plaintiffs' claims as moot; and (2) whether the Court abused its discretion in denying Plaintiffs' request to take discovery that may have shed light on whether Plaintiffs' claims were moot. *See* Appellants' Opening Brief, Def. Ex. A.

In addition, because Plaintiffs continue to be seriously impeded in their animal welfare advocacy without access to the information that the USDA previously routinely disclosed, on April 16, 2018 Plaintiffs filed a new Complaint containing more detailed allegations as to why the animal inventories and enforcement records at issue are in fact covered by the affirmative disclosure provisions of FOIA—i.e., to address the issues the Court dismissed without prejudice. *See People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, Civ. No. 18-887 ("*PETA* II"), ECF No. 1. Plaintiffs also raised several additional claims, including specifically challenging (a) the redactions made from the re-posted records; (b) the agency's failure to affirmatively disclose the "Column E" information submitted as part of research facility annual reports, (c) the agency's pattern, practice, and policy of not affirmatively disclosing to the public all of the information required to be so disclosed; and (d) the agency's failure to promulgate regulations implementing the requirements of the FOIA Improvement Act of 2016, including the *process* that governs how the agency will comply with its affirmative disclosure obligations.

On June 22, 2018, Defendants filed a motion to dismiss the new case on a host of grounds, including that Plaintiffs had filed to exhaust certain administrative remedies with respect to their claim for access to the Column E records. ECF No. 11. On July 3, 2018, with the consent of Defendants, Plaintiffs filed a motion to hold the case in abeyance while they pursued those records administratively. ECF No. 14. Although Plaintiffs emphasized that they were not *required* to exhaust any particular administrative remedies before pursing their challenge for access to such records, *see id.* at 1; *see also Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 836 F.3d 1235, 1240 (D.C. Cir. 2017) ("a plaintiff may bring an action under FOIA to enforce the reading-room provision, and may do so without first making a request for specific records"), they nevertheless explained to the Court that they had decided to seek the records administratively "in an effort to narrow the issues before the Court." ECF No. 14 at 1. By Order dated July 11, 2018, this Court granted that consent motion and required the parties to submit status reports every sixty days.

In the Joint Status Report filed on September 11, 2018, the parties informed the Court that Plaintiffs were pursuing the Column E records at issue administratively, that should Defendants deny Plaintiffs access to the records, "Plaintiffs intend to prepare an Amended or Supplemental Complaint to reflect those developments," and that "[t]he parties *agree that Defendant should have thirty days to respond to any such new Complaint*." ECF No. 15 at 2 (emphasis added).

On October 24, 2018, Plaintiffs filed a Supplemental Complaint reflecting that they had made an effort to obtain access to the Column E records at issue administratively, but that Defendants had refused to provide them access to such records. ECF No. 16. On November 5, 2018, having been informed by Defendants that absent this Court actually granting a motion to

file the Supplemental Complaint, Defendants believed they were under no obligation to respond to that Complaint—despite the representation made in the parties' September 11, 2018, Status Report that the parties "agree that Defendant should have thirty days" to do so, *see* ECF No. 15—Plaintiffs filed a motion requesting permission to file the Supplemental Complaint, and allowing Defendants thirty days from the date the Court entered such an order to file a response. ECF No. 17. Stressing that "Defendants take the position that they are not required to respond to Plaintiffs' Supplemental Complaint until the Court actually enters the requested Order," Plaintiffs requested the Court to grant the motion "as soon as possible." *Id.* The next day, this Court entered an Order deeming Plaintiffs' October 24 Supplemental Complaint "the operative complaint," and providing that "*Defendant shall have until December 5, 2018 to answer or otherwise respond to the complaint.*" *Id.* (emphasis added).

On November, 29, 2018, rather than file an Answer or other responsive pleading, Defendants instead filed a motion to stay further proceedings in the entire case pending the resolution of Plaintiffs' mootness appeal in the D.C. Circuit. ECF No. 19. Although the Court had ordered Defendants to file an Answer or "otherwise respond to the complaint" by December 5, 2018, Defendants failed to do so.

As demonstrated below, there is no merit to Defendants' motion to stay further proceedings in this case. Moreover, by failing to file an Answer or motion to dismiss by December 5, 2018—as directed by this Court—Defendants have now waived their opportunity to file any such motion in this case. Therefore, the Court should set a briefing schedule for cross-motions for summary judgment on all of the issues raised in Plaintiffs' Supplemental Complaint so that this case can move forward on the merits as expeditiously as possible.

## ARGUMENT

### A. THERE IS NO REASON TO STAY THIS CASE.

There is no merit to Defendants' insistence that this case be stayed in its entirety pending the outcome of the appeal pending in the D.C. Circuit in *PETA* I. As explained above, the only issues pending in the Court of Appeals are those challenging this Court's *mootness* rulings—i.e.*,* Plaintiffs have not asked the Court of Appeals to rule on any of the *substantive* issues that are before this Court in *PETA* II. Accordingly, contrary to Defendants' contention that Plaintiffs have somehow impermissibly engaged in "claim-splitting," Def. Mot at 5, no claim-splitting exists here because the Court of Appeals will not issue any substantive ruling with any preclusive effect. *See Hudson v. Am. Fed'n of Gov't Employees,* No. 17-2094___ F. Supp. 3d ___, 2018 WL 1730295, at *4 (D.D.C. April 10, 2018) ("To determine whether a plaintiff is claim-splitting, [t]he proper question is whether, assuming the first suit was already filed, the second suit would be precluded under *res judicata* analysis.") (quoting *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014).

Moreover, given that the Court dismissed certain claims as moot with prejudice, and that it entered a "final appealable order" in *PETA* I, ECF No. 44, Plaintiffs were indisputably permitted to file their notice of appeal challenging that part of the Court's decision. *See* 28 U.S.C. § 1291; *see also Attias v. Carefirst*, 865 F.3d 620, 624-25 (D.C. Cir. 2017) ("Because the district court . . . dismissed for lack of subject matter jurisdiction without expressly inviting plaintiffs to amend their complaint or giving some other equally clear signal that it intended the action to continue, the order under review ended the district court action, and was thus final and appealable.").

By the same token, it is equally clear that Plaintiffs were entitled to file a new action with respect to those claims the Court dismissed *without prejudice*. *See, e.g.*, *Semtek Int'l. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) ("The primary meaning of 'dismissal without prejudice' is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, as explained above, Plaintiffs' new case not only re-alleges the claims that were dismissed by the Court without prejudice—which are not at issue in the appeal—but also adds several new claims that were not asserted in *PETA* I.

Accordingly, there is no overlap at all here, and hence no reason for this Court to find that it lacks jurisdiction over any of the claims that are before it in *PETA* II, which are distinct from those at issue on appeal in *PETA* I.

Nor is there any merit to the government's bizarre argument that *all* of the issues raised before this Court in *PETA* I are necessarily pending in the Court of Appeals simply because Plaintiffs filed their notice of appeal of the mootness ruling *before* they filed their new Complaint in *PETA* II. *See* Defendants' Motion ("Def. Mot.") at 8. Again, the issues pending in both Courts are different—as made abundantly clear by the Statement of Issues filed by Plaintiffs-Appellants in the Court of Appeals on April 23, 2018—and can easily be resolved completely independently of each other. Thus, the government's reliance on *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004), Def. Mot. at 8, is completely misplaced. That case simply makes clear that if one chooses *not* to refile in the district court claims that were dismissed without prejudice, the dismissal without prejudice of an entire case may be appealed to the Court of Appeals. *See* 355 F.3d at 667 (explaining that "[a]lthough it is true that [the plaintiff] *may* be able to re-file because the dismissal was without prejudice, that does not change the fact that, *in the absence of such an affirmative act* . . . the case is at an end" (emphasis added)).

Here, of course, Plaintiffs *did* refile the claims that were dismissed without prejudice. Hence, they may pursue those claims in this Court at the same time they pursue their appeal of the Court's mootness ruling in the Court of Appeals. In other words, as *Ciralsky* makes clear, particularly given the wording of this Court's dismissal Order, Plaintiffs *could* have appealed the entire decision. However, that fact does not *preclude* them from appealing only those parts of the Court's Order that were dismissed *with prejudice,* and refiling in this Court the claims that were dismissed *without prejudice*.[1]

While Defendants make lots of self-serving statements about the "same legal issues" being involved in both cases, *see, e.g.*, Def. Mot. at 4, the only two examples they actually identify do not support their argument for a stay.

First, Defendants rely heavily on the fact that in *Defendants'* responsive brief in the Court of Appeals in *PETA* I, *they* raised the issue of whether Plaintiffs adequately alleged that the records at issue in the appeal were previously "released" to a FOIA requester, as an additional ground for affirmance. *See* Def. Mot. at 6; Defendants' Appellate Brief (Def. Ex. B) at 19-20. However, Plaintiffs did not raise this issue in the Court of Appeals, and the government specifically made clear in its brief to that Court that "*there is no reason for this Court to reach the issue.*" *Id.* at 19 (emphasis added). Therefore, it is highly unlikely that the Court of Appeals will address this issue. In any event, Defendants should not be permitted to manufacture a false

---

[1] *Blackman v. District of Columbia*, 456 F.3d 167 (D.C. Cir. 2006), is also not helpful to Defendants' cause. *See* Def. Mot. at 8. That case simply held that the Court of Appeals only has jurisdiction if the district court disposes of all of the issues before it. Here, that is precisely what occurred. Therefore, again, while Plaintiffs could have appealed *all* of this Court's January 18, 2018, ruling, there is nothing barring Plaintiffs from appealing only those claims that were dismissed at moot with prejudice.

premise for granting a stay of the litigation by raising an issue in the Court of Appeals that Plaintiffs are not pursuing and that the government itself has instructed that Court not to decide.

Second, Defendants point to the fact that Plaintiffs have argued in the Court of Appeals that this case was not moot because, *inter alia*, the USDA continues to withhold from them information that was redacted from the re-posted inspection reports. Def. Mot. at 7. However, Plaintiffs are not seeking a *substantive* ruling from the Court of Appeals as to whether any of the exemptions invoked by the government apply. Thus, if Plaintiffs prevail on their mootness argument, the Court of Appeals will undoubtedly remand that issue to this Court to resolve whether any of the redacted information may continue to be withheld from Plaintiffs under any of the nine Exemptions to FOIA. Therefore, despite Defendants' protestations to the contrary, there simply are no overlapping issues here that require a stay.

On the other hand, Plaintiffs would be greatly prejudiced if this Court were to stay this case at this juncture. Not only have they been trying to obtain access to the records at issue for almost two years now, but their new case raises several issues that were not presented in *PETA* I, and hence will in no way be affected by what occurs in the Court of Appeals—including a challenge to the agency's failure to comply with Congress's command in the FOIA Improvement Act of 2016 that the agency promulgate implementing regulations by "[n]ot later than 180 days after the date of enactment" of that statute (June 30, 2016), i.e. by no later than December 27, 2016. *See* Section 3, Public Law 114-185 (June 30, 2016); *see also* Supplemental Complaint, ECF No. 16, at ¶ 97. As a practical matter, Plaintiffs are currently suffering an ongoing injury to their public education, advocacy, and scholarship efforts from the deprivation of information that FOIA requires the USDA to make publicly available online, as well as from Defendants' failure to promulgate regulations making clear the circumstances under which Defendants will comply

with FOIA's affirmative disclosure mandate. Therefore, the Court should deny the request for a stay of further proceedings and allow this case to move forward on the merits as expeditiously as possible.

### B. BECAUSE DEFENDANTS FAILED TO FILE AN ANSWER OR MOTION TO DISMISS BY DECEMBER 5, 2018, THE COURT SHOULD SET A BRIEFING SCHEDULE FOR CROSS MOTIONS FOR SUMMARY JUDGMENT.

As discussed above, in response to Plaintiffs' Motion for Leave to File a Supplemental Complaint—which Defendants insisted Plaintiffs file before the government would be required to respond to that Complaint—the Court specifically provided that "Defendants shall have until December 5, 2018 to answer or otherwise respond to the complaint." Order (Nov. 26, 2018). Rather than abide by this command, and without permission from the Court, Defendants chose instead to file a motion to stay the entire case pending the outcome of the appeal in *PETA* I. Further, Defendants make clear in that motion that they intend to file a new motion to dismiss "*after* the D.C. Circuit resolves plaintiffs' appeal." Def. Mot. at 8 (emphasis added)—which could be many months from now at the earliest.

However, this Court did not give Defendants permission to file any such motion to stay *instead* of an Answer or other responsive pleading, and Defendants' strategic decision to file a motion to stay should not automatically stay the Defendants' obligations to comply with the Court's extant Order. Therefore, having failed to abide by this Court's directive, Defendants should not now be permitted to file a new motion to dismiss at some later date down the road. Rather, the Court should deny the motion to stay and set a briefing schedule for cross-motions for summary judgment, so that this case can be resolved as soon as possible.

## **CONCLUSION**

For all of the foregoing reasons, Defendants' Motion to Stay Further Proceedings should be denied.

                                                  Respectfully submitted,

                                                  _____/s/_____

                                                  Katherine A. Meyer
                                                  D.C. Bar No. 244301
                                                  kmeyer@meyerglitz.com

                                                  William Nicholson Lawton
                                                  D.C. Bar No. 1046604
                                                  nlawton@meyerglitz.com

                                                  Meyer Glitzenstein & Eubanks, LLP
                                                  4115 Wisconsin Ave., N.W. Suite 210
                                                  Washington, D.C.  20016
                                                  (202) 588-5206 (O)
                                                  (202) 588-5049 (fax)