# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:18-cv-00887-CRC |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## REPLY IN SUPPORT OF DEFENDANTS'
## MOTION TO STAY FURTHER PROCEEDINGS

Defendants' Motion to Stay explained that plaintiffs had created a procedural morass by seeking to pursue the dismissed *PETA I* claims in two separate proceedings simultaneously, and that a stay of proceedings in this case would help to avoid duplicative litigation and wasted resources, as well as ensure that the Court and the parties have guidance of the D.C. Circuit before undertaking briefing on a new motion to dismiss. Plaintiffs offer no reason to conclude otherwise. To the contrary, plaintiffs now admit that they seek to pursue claims in this new action that were dismissed in *PETA I*, while simultaneously challenging that *PETA I* dismissal on appeal to the D.C. Circuit. *See* Pls.' Opp'n to Defs.' Motion to Stay ("Pl. Opp."), at 2, 7-8, ECF No. 20. Plaintiffs' are simply wrong to insist there is "no overlap" between *PETA I* and *PETA II*. The cases clearly involve common claims and legal issues, some of which have been affirmatively raised in both cases. And even if plaintiffs were correct to suggest that this sort of

1

claim-splitting is legally permissible, that would not support their view that a stay should be denied and that the cases should proceed *simultaneously*.

Plaintiffs are also wrong to assert (in what appears to be a late-filed opposition brief) that defendants have now "waived their ability" to file a motion to dismiss by seeking a stay rather than immediate dismissal. *Id.* at 2. Given that proceedings in the D.C. Circuit have now clearly overtaken proceedings in this case, defendants properly asked this Court for a stay of proceedings, rather than renewing their previously-filed motion to dismiss. Indeed, a central purpose of seeking the stay was to avoid the need for immediate briefing on claims and issues that are related to and/or currently pending in the *PETA I* case, which is now fully briefed and set for oral argument in the D.C. Circuit. Plaintiffs' suggestion that defendants should be effectively precluded from even asking for such relief is meritless.

## ARGUMENT

### I.   The Court Should Grant the Motion to Stay Further Proceedings

The motion to stay explained that plaintiffs' two-track approach to the *PETA I* claims has generated the sort of wasteful, piecemeal litigation that the rule against claim-splitting is meant to prohibit, and that granting the stay will help minimize these and other problems. Plaintiffs insist that their approach presents no claim-preclusion or claim-splitting problem because they "have not asked the Court of Appeals to rule on any of the *substantive* issues that are before this Court in *PETA II*." Pl. Opp. 7 (citing *Hudson v. Am. Fed'n of Gov't Employees*, 308 F. Supp. 3d 388, 394 (D.D.C. 2018)). But plaintiffs are wrong to suggest that claim-splitting is permissible so long as one raises different "issues" in the two proceedings.

As their own cited decision makes clear, a "party cannot escape the preclusive effect of *res judicata* by raising a different legal theory or seeking a different remedy that was available to

her in the prior action." *Hudson*, 308 F. Supp. 3d at 394 (citation omitted). Rather, "*res judicata* applies to claims a plaintiff had an *opportunity* to litigate, even if he chose not to exploit that opportunity." *Id*. (citation omitted). Plaintiffs here clearly had the "opportunity" to further pursue the claims dismissed "without prejudice" in the *PETA I* district court proceedings. Had they wished to do so, they could have sought leave to amend their *PETA I* complaint and to pursue the claims in that case at the district court level. Indeed, that is precisely what plaintiffs originally intended to do. Shortly after this Court's dismissal in *PETA I*, plaintiffs' counsel informed government counsel that plaintiffs intended to file a motion to amend their *PETA I* complaint to pursue the claims dismissed without prejudice. *See* Defs.' Mot. to Dismiss 6-7 & Exh. 2, ECF No. 11 ("Def. Mot. to Dismiss").[1] Had plaintiffs actually done so, it would have precluded them from filing an immediate appeal. *See Ciralsky v. CIA*, 355 F.3d 661, 666 (D.C. Cir. 2004) (explaining that refiling of claims dismissed without prejudice "suspends" the finality of the dismissal). But plaintiffs still would have had the opportunity to challenge any adverse rulings on appeal at the end of the case – including this Court's earlier dismissal of claims "with prejudice" on mootness grounds. *See id.* ("Our jurisdiction over [the] final decision extends as well to the interlocutory rulings that preceded it....")

Ultimately, however, plaintiffs chose not to further pursue their *PETA I* claims before the district court in that case, presumably because they wanted to file an immediate appeal to the

---

[1] Plaintiffs raised the point with defendants to ascertain whether defendants would consent to the motion for leave to amend. *See id.* Defendant's counsel responded by email, asking for an opportunity to review the proposed amended complaint but, as defendants subsequently learned, their email response was not properly delivered to plaintiffs' counsel due to a technical issue. *See* Errata, ECF No. 13. Plaintiffs did not follow up again with defendants about the proposed motion for leave to amend in *PETA I*, nor did plaintiffs actually seek leave to amend their complaint in that case.

D.C. Circuit.  In other words preclusion applies because plaintiffs had the "opportunity" to pursue the claims in *PETA I* but they "chose not to exploit that opportunity."  *Hudson*, 308 F. Supp. 3d at 394.  Indeed, plaintiffs have admitted that the claims in the two cases grow out of the "same event or transaction."  *See* Notice of Related Case, ECF No. 7.  In such circumstances, claim preclusion even bars claims that were *not* explicitly asserted in the prior suit.  *See*, *e.g.*, *Hudson*, 308 F. Supp. at 394 (preclusion applies if the cases "share the same nucleus of facts").

Moreover, plaintiffs are wrong to assert that there is "no overlap" between the cases.  The cases clearly involve common legal issues, including the requirements for mandatory disclosure under 5 U.S.C. § 552(a)(2)(D), and whether records that were previously posted on the agency's website meet those requirements.  Plaintiffs argue that the Court should ignore this problem because the government, rather than plaintiffs, raised § 552(a)(2)(D) in the D.C. Circuit appeal as one of several alternative grounds to affirm the dismissal.  However, by challenging the mootness dismissal on appeal, plaintiffs themselves placed in issue any alternative grounds on which the dismissal could be affirmed, including grounds pertaining to the scope and applicability of the § 552(a)(2)(D).  *See*, *e.g.*, *Wilburn v. Robinson*, 480 F.3d 1140, 1148 (D.C. Cir. 2007) (noting that court of appeals may affirm a judgment on any ground the record supports).  In any event, it makes no difference, for purposes of the stay motion, which party raised the issue in the D.C. Circuit.  The concerns about wasteful and duplicative litigation remain the same, as does the need to await D.C. Circuit guidance.[2]

---

[2] As plaintiffs note, the government also argued that the D.C. Circuit need not reach this alternative ground, and that is because the government believes this Court's mootness ruling in *PETA I* was correct.  *See* Def. Stay Mot. Ex. B, at 19.  But plaintiffs argue exactly opposite, that the mootness ruling was improper, so they should not now be heard to argue that it is "highly unlikely" the D.C. Circuit will have occasion to reach this alternative ground.

Wholly apart from the common legal *issues*, the two cases also involve some of the exact same *claims*—the most obvious example being plaintiffs' claims for access to material redacted from now re-posted inspection reports. *See* Defs.' Motion to Stay Further Proceedings ("Def. Stay Mot."), ECF No. 19, at 7-8. Plaintiffs seek to pursue those claims in this case, even as they are actively seeking to persuade the D.C. Circuit to let them pursue the same claims in *PETA I*. *See id*. at 7 (noting that plaintiffs have argued to the D.C. Circuit that this Court erred by finding that challenges to redactions were not part of the complaint). Plaintiffs do not deny that they are seeking to litigate these claims in both cases simultaneously, but they insist that there "are no overlapping issues." They are wrong about that too. If plaintiffs were allowed to litigate these claims in both cases, there clearly would be overlapping issues. For one, the Court would have to determine in each case whether the materials were plausibly alleged to be subject to disclosure under § 552(a)(2)(D). Indeed, this is an "overlapping issue" that has *already* resulted in wasteful and duplicative litigation. The government briefed that issue in *PETA I* before the district court and D.C. Circuit, and has now also briefed the issue in this case in their motion to dismiss the original *PETA II* complaint. *See* Def. Mot. to Dismiss, at 19-23 (arguing that plaintiffs have still not plausibly alleged that the materials fall within § 552(a)(2)(D)).

Plaintiffs are also wrong to suggest that the *PETA I* claims dismissed "without prejudice" are not pending before the D.C. Circuit. Def. Stay Mot. 3-4. Plaintiffs insist that they are "appealing only those parts of the Court's Order that were dismissed *with prejudice*, and refiling in this Court the claims that were dismissed *without prejudice*." Pl. Opp. 9. Contrary to their repeated assertions, however, plaintiffs did not – and could not – appeal only certain "parts" of the Court's decision. Absent exceptions not relevant here (such as certifications under Fed. R. Civ. P. 54(b)), the D.C. Circuit does not have jurisdiction to review decisions disposing of fewer

than all claims in a case.  *See*, *e.g.*, *Blue v. D.C. Pub. Sch.*, 764 F.3d 11, 15 (D.C. Cir. 2014); *Blackman v. Dist. of Columbia*, 456 F.3d 167, 174 (D.C. Cir. 2006).  That plaintiffs have not challenged every aspect of the *PETA I* dismissal order simply means they have waived their right to do so, not that they have somehow limited the scope of the D.C. Circuit's jurisdiction to certain "parts" of the Court's decision, or to some claims and not others.

And just as plaintiffs could not appeal only "part" of the *PETA I* dismissal, they also should not be permitted to selectively refile and re-litigate in this Court the *PETA I* claims dismissed without prejudice, particularly while the appeal of the *PETA I* dismissal is still pending.  Contrary to plaintiffs' suggestion, *Ciralsky* makes clear that a plaintiff may appeal a dismissal of an action without prejudice only "in the absence" of a plaintiff's refiling the claims dismissed without prejudice.  *See Ciralsky*, 355 F.3d at 666-67.  Indeed, plaintiffs do not deny that they would not have been permitted to amend their complaint in *PETA I* and litigate the claims dismissed without prejudice while the *PETA I* appeal was ongoing.  Def. Stay Mot. 7-8. Nor do they attempt to explain why they should be allowed to accomplish the exact same prohibited result by simply filing a separate lawsuit.

As the foregoing suggests, allowing plaintiffs to proceed with both actions simultaneously would not only result in the sort of wasteful and duplicative litigation that preclusion rules guard against, it would also implicate other serious concerns.  Because this new case raises claims that are currently pending before the D.C. Circuit, it runs contrary to the well-settled principle that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously" *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  It also threatens to subvert the rule against piecemeal appeals.  *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) ("From the very foundation of our judicial system,

the general rule has been that the whole case and every matter in controversy in it must be decided in a single appeal." (citation omitted)).  If the previously-dismissed claims from *PETA I* are dismissed yet again in *PETA II* (as defendants believe they should be), plaintiffs would no doubt file yet another appeal to the D.C. Circuit, arguing – once again – that this Court improperly dismissed their claims.  Finally, granting the stay would, at a minimum, ensure that the Court and the parties have the benefit of guidance from the D.C. Circuit before undertaking further briefing.  Plaintiffs do not address this latter point at all in their Opposition.

Plaintiffs' claims of prejudice are likewise meritless.  They argue that a stay will prejudice them because they need immediate access to the information sought.  Any such "prejudice," however, is a problem of their own creation.  If plaintiffs truly needed to pursue these claims immediately, then they should have sought leave to pursue them in *PETA I* by way of an amended complaint, as they originally intended to do.  *See* Defs.' Mot. to Dismiss 6-7 & Exh. 2.  They chose instead to file an immediate appeal of the *PETA I* dismissal in the D.C. Circuit, and to thereafter bring this separate lawsuit (*PETA II*) based on the same event or transaction as *PETA I*, and raising many of the same claims and issues.  Moreover, after defendants filed their motion to dismiss the original complaint in this action, plaintiffs themselves successfully moved the Court – with defendant's consent – to hold this case in abeyance so they could pursue administratively a new category of information and supplement their complaint to reflect those efforts.  As a result of plaintiffs' requested stay, proceedings in their D.C. Circuit appeal have now clearly overtaken proceedings in this Court.  Accordingly, plaintiffs should not be heard to complain that they will be "prejudiced" by waiting for the D.C. Circuit to resolve their appeal in *PETA I*.

## II. Plaintiffs' Request For Immediate Summary Judgment Briefing Should Be Denied

Plaintiffs not only oppose a stay, they now ask the Court to *accelerate* these proceedings by immediately setting a briefing schedule for cross-motions on summary judgment. Plaintiffs' desire to avoid confronting the defects in their own pleadings is understandable, but nothing in their brief supports that outcome. According to plaintiffs, defendants "waived" their right to file a motion to dismiss by failing to file an answer or motion to dismiss by December 5, 2018. Plaintiffs' argument rests on their erroneous assertion that this Court's Order limited defendants to filing only an "Answer or a motion to dismiss," and that by filing a motion to stay, defendant failed to abide by this requirement "without requesting leave to be excused."[3] Pl. Opp. 2.

Contrary to plaintiffs' suggestion, the Order only required defendant to answer "or otherwise respond" to the complaint by December 5, and did not specifically indicate that the response could only take the form of a "motion to dismiss." *See* Minute Order (Nov. 6, 2018). Here, defendants properly "responded" to the complaint in *PETA II* by moving to stay further proceedings.[4] Pl. Opp. 7-8. Filing a motion to dismiss (in addition to the stay motion) would have defeated the purpose of seeking the stay, i.e., to avoid substantive briefing on these issues prior to the D.C. Circuit's resolution of the *PETA I* appeal. Moreover, even if the Order required

---

[3] Plaintiffs make this argument in an opposition brief that appears to have been filed late, and without requesting "leave to be excused." Under Local Rule 7(b), plaintiffs' response to the motion to stay was due on December 13, i.e., 14 days after it was electronically served on November 29, 2018. *See* LCvR 7(b). Plaintiffs did not file, however, until December 14, shortly after 2 p.m. Thus, by plaintiffs' own reasoning, they have waived their own "waiver" argument.

[4] Plaintiffs seem to suggest that a motion to stay is not a "responsive pleading" and thus does not comply with this Court's Minute Order. Pl. Opp. 11. But a motion to dismiss is not a "responsive pleading" either, *see*, *e.g.*, *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999) (noting that such motions are not considered responsive pleadings) (citation omitted), and thus, under plaintiffs' interpretation, even filing a motion to dismiss would have violated the Court's Order. In fact, the Order did not require defendant to file a "responsive pleading" at all, but only to "otherwise respond" to the complaint by December 5, 2018.

the filing of a motion to dismiss, the motion to stay clearly constituted a "request[] [for] leave to be excused" from that requirement. Pl. Opp. 2. As the stay motion explained at length, a principal reason for seeking the stay was to avoid the need to submit motion to dismiss briefing on claims and issues that are related to and/or currently pending before the D.C. Circuit, and to ensure that the Court and the parties have the benefit of the D.C. Circuit's guidance before addressing the substantive issues in briefing. Def. Stay Mot. 5-6, 8-9. Thus, even if a request "to be excused" was required, *see* Pl. Opp. 2, the motion satisfied any such requirement.

Finally, to the extent the Court is inclined to give any credence to plaintiffs' argument that a motion to dismiss was or is "required," defendant respectfully asks the Court to treat defendants' previously-filed motion to dismiss as having met any such requirement. *See* Defs.' Motion to Dismiss, ECF No. 11, (filed June 22, 2018). As the stay motion pointed out, the supplemental *PETA II* complaint is largely similar to the original *PETA II* complaint and thus remains subject to dismissal for largely the same reasons. Under the circumstances, if the Court feels the case should proceed immediately, without waiting for the D.C. Circuit to resolve *PETA I*, it would be entirely appropriate to treat the original motion to dismiss as applicable to the new complaint. *See*, *e.g.*, *Henok v. Kessler*, 78 F. Supp. 3d 452, 459 (D.D.C. 2015) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1476, 638 (3d ed. 2010)). Indeed, that original motion to dismiss would likely have been fully briefed by now but for plaintiffs' request that this Court hold the case in

abeyance for several months so that they could pursue administrative remedies on a new, previously-unrequested category of information.[5]

## CONCLUSION

For the foregoing reasons, defendants respectfully ask the Court to stay further proceedings in this case pending resolution of plaintiffs' appeal in *PETA 1*.

Dated:  December 21, 2018       Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Civil Division

 /s/ Peter M. Bryce
PETER M. BRYCE
(IL Bar No. 6244216)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Rm 11220
Washington, D.C. 20005
Tel: (202) 616-8335
Fax: (202) 616-8470
E-mail: peter.bryce@usdoj.gov
Attorney for Defendant

---

[5] Plaintiffs' suggestion that defendants have engaged in a strategy of "delay" surrounding the filing of their supplemental complaint is meritless, particularly given that this case was held in abeyance for several months at plaintiffs' request.  Plaintiffs had filed the supplemental complaint without seeking leave of Court, and it thereafter came to defendants' attention that such pleadings could not properly be filed without Court leave, even where all parties have consented to such filing.  *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (explaining that supplemental complaints "always require leave of the court").  As a courtesy, defendants affirmatively reached out to let plaintiffs know that the supplemental complaint had not yet been properly filed, and suggested that plaintiffs could cure that defect by filing a motion for leave to amend.  Defendants did not "delay" anything by giving plaintiffs the information they needed to cure their defective filing.  If anything, defendants' actions avoided further delay.